UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
WESTERN DIVISION

| | | |
|---|---|---|
| JANE M. MANNING, | ) | |
| Plaintiff, | ) ) ) | NO. _____ |
| vs. | ) ) | Jury Demand |
| THE UNITED STATES OF AMERICA; THE UNITED STATES POSTAL SERVICE, AN AGENCY OF THE UNITED STATES OF AMERICA; | ) ) ) ) ) | |
| Defendants. | ) ) | |

## COMPLAINT

NOW COMES the Plaintiff, JANE M. MANNING, by and through her attorneys, Reno & Zahm LLP, and for her Complaint against the Defendants, THE UNITED STATES OF AMERICA, and THE UNITED STATES POSTAL SERVICE, AN AGENCY OF THE UNITED STATES OF AMERICA, states as follows:

1. This action arises under the Federal Tort Claims Act, 28 U.S.C. §§ 2671, et. seq., and this Court has jurisdiction based upon 28 U.S.C. § 1346(b).

2. Venue is proper in this District and Division because Plaintiff is and has been a citizen of Winnebago County, Illinois, and the events or omissions giving rise to the claim occurred in Winnebago County, Illinois.

3. On December 27, 2015, Karen Wogomon ("Wogomon"), a federal employee of THE UNITED STATES POSTAL SERVICE, AN AGENCY OF THE UNITED STATES OF AMERICA, was driving a UNITED STATES POSTAL SERVICE mail truck westbound on Patty

1

Lin Drive east of the intersection with Crockett Road, in Roscoe, County of Winnebago, State of Illinois.

4. At that time and place, Plaintiff was driving a 2014 Jeep Patriot northbound on Crockett Road south of the intersection with Patty Lin Drive.

5. At that time and place, Wogomon, acting in the scope of and in her capacity as agent and/or employee for THE UNITED STATES POSTAL SERVICE, AN AGENCY OF THE UNITED STATES OF AMERICA, failed to stop at the stop sign located at the intersection of Crockett Road and Patty Lin Drive.

6. At that time and place, Wogomon struck Plaintiff's vehicle.

7. At all pertinent times, THE UNITED STATES OF AMERICA, and THE UNITED STATES POSTAL SERVICE, AN AGENCY OF THE UNITED STATES OF AMERICA, acting through its employee and/or agent, Wogomon, had a duty to exercise ordinary care in the operation of the motor vehicle.

8. The UNITED STATES OF AMERICA, and THE UNITED STATES POSTAL SERVICE, AN AGENCY OF THE UNITED STATES OF AMERICA, acting through its employee and/or agent, Wogomon, was guilty of one or more of the following negligent acts or omissions:

    a. Failed to yield the right of way to an approaching vehicle before entering an intersection in violation of 625 ILCS 5/11-904;

    b. Failed to keep an adequate lookout;

    c. Failed to reduce her speed at such a distance as to control the movement of and stop said vehicle before impact in violation of 625 ILCS 5/11-601;

9. One or more of the above acts and/or omissions was a proximate cause of the collision between THE UNITED STATES POSTAL SERVICE truck operated and controlled by its employee and/or agent, Wogomon, and the 2014 Jeep Patriot being driven by Plaintiff.

10. As a direct and proximate result of the aforementioned acts and/or omissions, Plaintiff's shoulder, neck, and back were injured, and by reason of said injuries, Plaintiff has been hindered and prevented from attending to her usual duties and affairs. Furthermore, Plaintiff has in the past, and will continue in the future to incur expenses for hospital, medical, rehabilitative, and related services and treatment.

11. On or about February 19, 2016, Plaintiff timely filed an administrative claim with THE UNITED STATES POSTAL SERVICE through her attorney and husband, Donald Q. Manning, a copy of which is attached hereto as **Exhibit A**.

12. On or about March 16, 2016, Plaintiff sought medical consultation from Kenneth L. Klein, M.D. ("Klein"), at Beloit Health Systems for left shoulder pain that had persisted since the date of the accident.

13. Plaintiff was diagnosed by Klein with a left shoulder contusion (bruise) and was ordered to have an X-ray. Klein advised Plaintiff that Plaintiff's shoulder pain could likely be resolved through physical therapy and ordered Plaintiff to attend a physical therapy program.

14. Beginning on or about April 8, 2016, Plaintiff underwent physical therapy for her left shoulder.

15. On or about June 26, 2016, Plaintiff filed an amended administrative claim with THE UNITED STATES POSTAL SERVICE through her attorney and husband, Donald Q. Manning. See amended administrative claim attached hereto as **Exhibit B**.

16. Plaintiff amended Section 10 of the claim for Personal Injury/Wrongful Death to state that "Claimant's initial shoulder injury did not heal. Claimant is under the care of Dr. Ken Klein of Beloit Health System. Claimant is receiving physical therapy. MRI scheduled [July 1, 2016] to determine specific nature and status of injury." Plaintiff also amended Section 12b of the claim for personal injury from $5,000 to $30,000.

17. On July 16, 2016, THE UNITED STATES POSTAL SERVICE requested of Attorney Manning certain information for <u>future</u> amendment to the claim which was contemplated by the parties once relevant medical information became available as "the basis for further action on the claim." A copy of the correspondence is attached hereto as **Exhibit C**.

18. Plaintiff continued the prescribed physical therapy through September of 2016. At no point during Plaintiff's physical therapy ordered by Klein was surgery recommended or even mentioned. At all times Plaintiff's diagnosis remained shoulder contusion while under the care of Klein.

19. In September of 2016, because physical therapy was not improving Plaintiff's shoulder pain, Klein suggested that Plaintiff seek a second opinion.

20. Shortly after September 16, 2016, Plaintiff sought a second opinion from Geoffrey S. Van Theil, MD., an orthopedic surgeon ("Van Theil").

21. After her visit with Van Theil, Plaintiff was advised for the first time that she had a condition that could require shoulder surgery.

22. Soon after November 21, 2016, Plaintiff received a letter from THE UNITED STATES POSTAL SERVICE dated November 21, 2016 denying her administrative claim, a copy of which is attached hereto as **Exhibit D**.

4

23. The denial was inconsistent with the understanding that Attorney Manning would be providing the medical information requested by the UNITED STATES POSTAL SERVICE as "the basis for further action on your claim" for the future claim referenced in **Exhibit C**.

24. At all times before November 21, 2016, Attorney Manning was the regular contact between counsel for THE UNITED STATES POSTAL SERVICE and Plaintiff.

25. Between Plaintiff's visit with Klein on September 16, 2016 and the November 21, 2016 denial, Attorney Manning received two calls from THE UNITED STATES POSTAL SERVICE to inquire from Attorney Manning as to status, wherein THE UNITED STATES POSTAL SERVICE was advised that Plaintiff had seen an orthopedic surgeon and that Attorney Manning would get the previously requested records, which would now include an orthopedic surgeon, in order to complete the contemplated future amended claim acknowledged in THE UNITED STATES POSTAL SERVICE correspondence of July 16, 2016.

26. The communications between Attorney Manning and THE UNITED STATES POSTAL SERVICE left no doubt that THE UNITED STATES POSTAL SERVICE would await the medical records from the orthopedic surgeon which would serve as the basis for an amendment to the nature and valuation of Plaintiff's claim as acknowledged by THE UNITED STATES POSTAL SERVICE in **Exhibit C**.

27. At all times before December 27, 2016, Plaintiff was represented by Donald Q. Manning, Attorney at Law. Mr. Manning is Plaintiff's husband.

28. At all times before November 21, 2016, Attorney Manning relied upon communications with THE UNITED STATES POSTAL SERVICE that an amendment would be forthcoming once the orthopedic surgeon records were available.

29. On December 29, 2016, surgery was performed on Plaintiff's left shoulder.

30. Pursuant to 28 U.S.C. § 2401(b) and 28 U.S.C. § 2675(a), Plaintiff has timely filed suit in this Court.

WHEREFORE, Plaintiff, JANE M. MANNING, prays for judgment against Defendants, THE UNITED STATES OF AMERICA and THE UNITED STATES POSTAL SERVICE, AN AGENCY OF THE UNITED STATES OF AMERICA, in an amount of $300,000, plus costs of suit and such other relief as the Court may deem proper.

Dated: February 24, 2017

                                         JANE M. MANNING, Plaintiff, by
                                         her attorneys, Reno & Zahm LLP,

                                         By:   /s/ Jan H. Ohlander
                                                        Jan H. Ohlander

**PLAINTIFF DEMANDS TRIAL BY JURY**

RENO & ZAHM LLP
By: Jan H. Ohlander, ARDC #3124934
2902 McFarland Road, Suite 400
Rockford, IL 61107
Telephone: (815) 987-4050
Telefax: (815) 987-4092
jho@renozahm.com